UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT PAULSON,

                 Plaintiff,

    v.

PRINCIPAL LIFE INSURANCE COMPANY,

                 Defendant.

CASE NO. 16-5268 RJB

ORDER ON PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES

This matter comes before the Court on the Plaintiff's Motion for an Award of Attorneys' Fees under 29 U.S.C. § 1132 (g)(1). Dkt. 40. The Court has considered the pleadings filed regarding the motion and the remaining file.

In this Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et. seq.*, ("ERISA") case, the Plaintiff sought a declaration that he was entitled to long-term disability benefits under an employment benefit plan. Dkt. 1. The Defendant paid the benefits for a period of time, but in April of 2015, contended that Plaintiff no longer met the policy's definition of disability. *Id.* On

ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES - 1

August 9, 2017, Plaintiff's motion for summary judgement was granted and judgment was entered against the Defendant on September 11, 2017. Dkts. 36 and 39. Plaintiff now moves for $83,184.00 in attorneys' fees. Dkt. 40. For the reasons provided below, the motion (Dkt. 40) should be granted.

## **FACTS**

Plaintiff was a long-haul truck driver. Dkt. 1. His employer offered a long-term disability plan as part of his benefits package. Dkts. 1 and 21-1, at 1-123. In December 2008, Plaintiff suffered an industrial accident, and on October 24, 2009 began receiving long-term disability benefits under the plan. Dkts. 1 and 21-1, at 160. He began working as a real estate agent in 2010. Dkt. 21-3, at 51.

In April of 2015, the Defendant terminated his benefits, claiming that as a real estate agent, he was able to earn a median income of $65,290.00, which was in excess of the $60,000.00 which he could earn and still receive benefits under the plan. Dkts. 21-1, at 198-201. Plaintiff inquired of the decision, and after receiving a market survey, which showed that that median wage was $50,000.00, Defendant asserted that Plaintiff was a real estate broker, not a real estate agent. Dkt. 21-1. Defendant asserted that the national median wage for brokers was over $80,000.00. *Id.*

Plaintiff filed an appeal on October 26, 2015, explaining that he was a real estate agent not a broker, and that the median income for either an agent or broker in this region was still below $60,000.00. Dkts. 21-3, at 41-200; and 21-4. The appeal was denied; Defendant asserted that Plaintiff was a real estate broker, and that, in any event, Plaintiff was capable of performing duties of three other jobs which paid a median wage of more than $60,000.00. Dkt. 21-2.

1 | Plaintiff filed a second appeal, asserting he was an agent, not a broker, and that he could not perform the three other jobs. Dkt. 21-1, at 316-323. He submitted a Labor Market Study in which a vocational expert supported his positions. *Id.* Defendant denied the second appeal but did not discuss Plaintiff's arguments or the evidence he submitted. *Id.*, at 225-228.

Plaintiff filed this case on April 7, 2016. Dkt. 1. The parties filed cross motions for summary judgment. Dkts. 23 and 24. A bench trial was held on August 8, 2017 and the Court issued an oral ruling on August 9, 2017, finding in favor of Plaintiff. Dkts. 31 and 33. The Defendant was ordered to pay Plaintiff long-term disability benefits from April 30, 2015 to the date of the judgment (September 11, 2017), plus interest, and reinstate Plaintiff's benefits. Dkt. 39. On October 10, 2017, Defendant filed a notice of appeal. Dkt. 43.

Plaintiff now moves for an award of attorneys' fees in the amount of $83,184.00. Dkt. 40. Defendant opposes the motion, arguing that either the motion should be denied or the amount awarded should be reduced. Dkt. 45.

**DISCUSSION**

**A. AWARD OF FEES**

Under ERISA's civil enforcement provision, 29 U.S.C. § 1132 (g)(1), courts have discretion to award reasonable attorneys' fees and costs, where a party has achieved "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242, 256 (2010).

Plaintiff prevailed on summary judgment and was awarded back benefits, interest and a reinstatement of future benefits so long as he meets the requirements of the plan. Accordingly, he has achieved "some degree of success on the merits." *Hardt,* at 256. After making this determination, courts in the Ninth Circuit then examine the factors set forth in *Hummell v. S.E.*

*Rykoff Co.,* 634 F.2d 446 (9th Cir. 1980) in deciding whether to award fees under 29 U.S.C. § 1132 (g)(1). *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1119 (9th Cir. 2010). Those factors are:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell*, at 453. When applying the *Hummell* factors, courts "must keep at the forefront ERISA's remedial purposes that should be liberally construed in favor of protecting participants in employee benefit plans." *McElwaine v. US W., Inc.*, 176 F.3d 1167, 1172 (9th Cir. 1999)(*internal quotations and citation omitted*). Further, the courts in the Ninth Circuit "also apply a special circumstances rule in which a successful ERISA participant should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Id.* Further, "no single *Hummell* factor is necessarily decisive." *Simonia,* at 1122. Each of these factors will be examined below.

    *1.    The Degree of the Opposing Parties' Culpability or Bad Faith*

This factor counsels somewhat in favor of an award of fees. There is some evidence that the Defendant acted in its own interest rather than as a fiduciary for the Plaintiff. It failed to take into account or even discuss evidence that was contrary to its decision to deny Plaintiff's benefits in its written decisions. The Defendant did not acknowledge it had committed an error about the nature of Plaintiff's work. Instead, it forced Plaintiff to file a lawsuit to have his benefits reinstated. Although Defendant asserts that Plaintiff rejected vocational assistance and attempted

to minimize his income, it does not show that Plaintiff acted in bad faith such that an award of fees is improper.

2.  *Ability of Defendant to Satisfy an Award*

There is no evidence that Defendant could not satisfy an award of attorneys' fees. This factor favors an award of fees.

3.  *Deterrence*

An award of fees here may deter other providers from failing to consider evidence submitted by their beneficiaries that supports the continuation of benefits. Although Defendant asserts that it "conducted a thorough review," it did not consider or address evidence which did not support a denial of benefits in its written decisions. This factor also supports an award of attorneys' fees.

4.  *Benefits to Others*

An award of fees here may be of benefit to other plan participants and addressed a "significant legal question regarding ERISA" and Washington law (WAC 284-96-012). Moreover, Plaintiff's success in this case (including the award of fees) might also encourage Defendant to engage in more meaningful discussions with their beneficiaries. This factor favors an award of attorneys' fees.

5.  *Merits of the Parties' Positions*

The relative merits of the parties' positions also counsels in favor of an award of fees. The Plaintiff prevailed. His position had merit.

6.  *Conclusion on Hummel Factors*

The *Hummel* factors favor an award of reasonable attorneys' fees, particularly when considering the remedial purpose of ERISA of "protecting participants in employee benefit

plans." *McElwaine*, at 1173. Defendant has not pointed to "special circumstances" that would make an award of fees unjust. *Carpenters Health & Welfare Tr. for S. California v. Vonderharr*, 384 F.3d 667, 674 (9th Cir. 2004) (holding that "the ERISA plan beneficiaries were merely attempting to secure and enforce their plan's medical benefit unencumbered by the extra-statutory conditions of the reimbursement provisions; the Trust then subjected them to this burdensome litigation. We thus see no 'special circumstances' that render the award of attorney fees to the plan beneficiaries in this case 'unjust.'")

The next question to be considered, then, is the reasonableness of the fees requested. *McElwaine*, at 1173.

### B. REASONABLENESS OF FEE REQUEST

In determining what attorney's fee is reasonable in a particular case, the court arrives at the "lodestar amount," that is, multiplying the number of hours reasonably expended by a reasonable hourly rate. *Jordan v. Multnomah County*, 799 F.2d 1262, 1265 (9th Cir. 1986) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "While in most cases the lodestar figure is presumptively reasonable, in rare cases, a district court may make upward or downward adjustments to the presumptively reasonable lodestar on the basis of those factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526, F.2d 67, 69–70 (9th Cir.1975), that have not been subsumed in the lodestar calculation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008) (*internal and quotations citations omitted*).

Under *Kerr,* the court considers the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations

imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir.1975), *cert. denied*, 425 U.S. 951 (1976). These considerations are consistent with Washington Rules of Professional Conduct 1.5.

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Gates v. Gomez*, 60 F.3d 525, 534-35 (9th Cir. 1995)." *Id.* The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits. *Id.*

       1. Lodestar Amount

          a. <u>Hourly Rates</u>

In determining hourly rates, the Court must look to the "prevailing market rates in the relevant community." *Bell v. Clackamas County,* 341 F.3d 858, 868 (9th Cir. 2003). The rates of comparable attorneys in the forum district are usually used. *See Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). In making its calculation, the Court should consider the experience, skill, and reputation of the attorneys requesting fees. *Schwarz v. Sec'y of Health & Human Serv.,* 73 F.3d 895, 906 (9th Cir. 1995). The Court is further allowed to rely on its own knowledge and familiarity with the legal market in setting a reasonable hourly rate. *Ingram v. Oroudjiam,* 647 F.3d 955, 928 (9th Cir. 2011).

The hourly rates requested by Plaintiff's attorneys are: $500.00 for Chris Roy and $450.00 for Darrin Class; and $185 for paralegal Danielle Barber. Dkt. 40-1, at 2, and 9-33.

Defendant argues that the hourly rates of lawyers should be reduced to $400 an hour for Chris Roy and $300 an hour for Darin Class. Dkt. 45. Chris Roy, who has been in practice since 1998, claimed a rate of $500 per hour; that rate is reasonable for the community. Dkt. 40-1, at 1-2. Darrin Class, having been in practice since 1992, claimed rate of $450 per hour is also reasonable for the community. Dkt. 40-2. Ms. Barber claimed a rate of $185 per hour. All have supported their hourly rate by substantial evidence. Dkts. 40-1, 40-2, and 40-3. These rates are reasonable and should be used to calculate fees.

      b. Hours Billed

In the Ninth Circuit, "[t]he number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). A district court should exclude hours that are "excessive, redundant, or otherwise unnecessary." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013)(*citing McCown v. City of Fontana,* 565 F.3d 1097, 1102 (9th Cir.2008)).

Plaintiff's lawyers seek an award for the following hours expended: lawyer Roy – 78.1 hours, lawyer Class 97.5 hours, and paralegal Barber – 1.4 hours. Dkts. 40-1, at 3; 40-2, at 3; and 40-1, at 9-33.

Defendant argues that the hours claimed should be reduced because a substantial portion of this litigation was a repetition of another case brought in this district and the case was based on the administrative record and so no discovery was conducted. Dkt. 45.

"District courts possess the necessary discretion to adjust the amounts awarded to address excessive and unnecessary effort expended in a manner not justified by the case." *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006).

The number of hours claimed here should not be reduced. The lawyers provided detailed billing statements. Dkt. 40-1, at 9-25. They have shown that no excessive or unnecessary effort was expended. For the foregoing reasons, the compensable hours claimed by Plaintiff's counsel should not be reduced.

The lodestar figure, then, is calculated as follows:

| | | | | |
|---|---|---|---|---|
| 78.10 hours | x | $500 | = | $39,050.00 |
| 97.5 hours | x | $450 | = | $43,875.00 |
| 1.4 hours | x | $185 | = | $ 259.00 |
| Attorneys' Fees Lodestar | | | | $83,184.00 |

2. *Kerr* Factors

After making the lodestar computation, the court must assess whether it is necessary to adjust the presumptively reasonable lodestar figure on the factors announced in *Kerr*. *See Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). "Only in rare circumstances should a court adjust the lodestar figure, as this figure is the presumptively accurate measure of reasonable fees." *Id.,* at 746.

    a.    <u>The Time and Labor Required</u>. The Court has commented above on the time and labor required in determining reasonable hours.

    b.    <u>Novelty and Difficulty of Questions</u>. The questions in the case were not particularly difficult. The law is not complex, and the result here was of the Court's

ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES - 9

interpretation of the law and evidence. These factors do not favor a reduction or addition to the lodestar amount.

  c. <u>Requisite Skill and Preclusion of Other Employment</u>. This case did not require exceptional skill to perform the legal service properly, and the lawyers did not show that it precluded other employment by these attorneys more than any other case would. The skill required is recognized in the hourly rate allowed.

  d. <u>Customary Fee, Whether the Fee is Fixed or Contingent, Time Limits</u>. The customary fee in such ERISA cases is basically the lodestar amount. Enhancements are not customary. The contingent nature of the fees is considered in the hourly rates allowed. There is no evidence that any unusual time limits were placed on counsel, either by the client or by the circumstances.

  e. <u>Amount Involved and Results Obtained</u>. While Defendant argues that the results obtained seem to indicate that the fee request and the lodestar amount are too high, the law counsels us, in ERISA type cases, to consider vindication of the right involved as an important part of the result obtained. Accordingly, counsel's fees that may seem excessive when balanced against the amount obtained are not excessive when balanced against the rights vindicated. No upward or downward departure from the lodestar amount is warranted by this factor.

  f. <u>Experience, Reputation and Ability of Attorneys, Undesirability of Case and Relationship with Client</u>. The consideration of the experience, reputation and ability of these attorneys is addressed above in the lodestar and no further consideration is required. The desirability or undesirability of the case does not provide a basis to increase or reduce fees here,

nor does the nature and length of the professional relationship with the client favor an enhancement or reduction of the lodestar.

        g.    <u>Awards in Similar Cases</u>.  No evidence has been submitted of awards of this nature in similar cases which counsel for a change in fees.

   3.  *Conclusion*

The *Kerr* factors and RPC 1.5 do not counsel for enhancement or reduction to the lodestar amount.  Accordingly, Plaintiff should be awarded attorneys' fees of $83,184.00, the lodestar amount.

## ORDER

Accordingly, it is **ORDERED** that:

- Plaintiff's Motion for an Award of Attorneys' Fees under 29 U.S.C. § 1132 (g)(1) (Dkt. 40) **IS GRANTED**; and

- Plaintiff **IS AWARDED** attorneys' fees of **$83,184.00**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 26th day of October, 2017.

*[signature]*

ROBERT J. BRYAN
United States District Judge

ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES - 11